IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary )<br>of Labor, United States )<br>Department of Labor, )<br>     ) <br>    Plaintiff, )<br>     )<br>    v. )<br>     )<br>AMTREN CORPORATION, AMTREN )<br>CORPORATION PROFIT SHARING )<br>PLAN, and CHARLES KIRK )<br>LAMBERTH, )<br>     )<br>    Defendants. ) | CIVIL ACTION NO.<br>2:11cv460-MHT<br>(WO) |

OPINION

This lawsuit, brought pursuant to the Employee Retirement Income Security Act of 1964 (ERISA), 29 U.S.C. § 1001 et seq., is before the court on a motion for default final judgment filed by plaintiff Secretary of Labor Hilda L. Solis against defendants Amtren Corporation, Amtren Corporation Profit Sharing Plan, and Charles Kirk Lamberth. The defendants having failed or refused to plead or otherwise defend this action; the

clerk of the court having entered default against the defendants; and upon consideration of the affidavit filed by the Labor Secretary in support of her motion, the court concludes that the secretary's motion should be granted.

## I.   FINDINGS OF FACT

1. Lamberth is or was at all relevant times a trustee of the Amtren Corporation Profit Sharing Plan and, therefore, a "fiduciary" within the meaning of 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of 29 U.S.C. § 1002(14)(A) and (C).

2. Amtren Corporation is or was at all times relevant to this action the plan sponsor and administrator and, therefore, a "fiduciary" within the meaning 29 U.S.C. § 1002(21)(A) and a "party in interest" within the meaning of 29 U.S.C. § 1002(14)(A) and (C).

3. The Sharing Plan is a single-employer-employee-benefit plan within the meaning of 29 U.S.C.

§ 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a), and is joined as a party defendant pursuant to Federal Rule of Civil Procedure 19(a) solely to ensure that complete relief may be granted.

4. Amtren Corporation adopted the Sharing Plan in or around December 30, 1999, and funded the plan with yearly discretionary employer contributions.

5. Lamberth, as trustee, has at all relevant times had the authority to direct the investment and distribution of the plan assets.

6. As of December 31, 2005, the Sharing Plan held $ 152,475.79 in assets for ten participants, including a participant account for Lamberth.

7. Through three transactions in September, October, and December 2006, Lamberth transferred $ 139,000 of the Sharing Plan's assets to Amtren Corporation as a loan to fund business expansion.

8. Amtren Corporation did not execute any loan documents for the loan.

9. Amtren Corporation provided no security or promissory note for the loan.

10. Amtren Corporation never made any loan repayments or interest payments to the Sharing Plan.

11. As of November 28, 2008, the Sharing Plan held $ 2,568.21 in assets for six participants.

12. In total, the Sharing Plan's non-fiduciary participants' portion of the loan was $ 77,671.60.

13. Lost earnings associated with this unpaid loan total $ 36,583.43 as of October 20, 2011.

14. Amtren Corporation is no longer in the business of manufacturing computer-related devices and has no employees.

15. The Sharing Plan has not made distributions to participants following their separation as required by the terms of the plan documents.

II.  CONCLUSIONS OF LAW

1. Jurisdiction is proper pursuant to 29 U.S.C. § 1132(e)(1).

2. Venue lies pursuant to 29 U.S.C. § 1132(e)(2).

3. In causing or permitting virtually all of the Sharing Plan's assets to be loaned back to the sponsoring company (Amtren Corporation) in exchange for no security or promissory note and without adequate record keeping and monitoring, Lamberth and Amtren Corporation failed to discharge their fiduciary duties solely in the interests of the plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable plan administration expenses as required by 29 U.S.C. § 1104(a)(1)(A).

4. In causing or permitting virtually all of the Sharing Plan's assets to be loaned back to the sponsoring company without security or promissory note and

without adequate record keeping and monitoring, Lamberth and Amtren Corporation violated their duty of prudence as imposed by 29 U.S.C. § 1104(a)(1)(B).

5. In causing or permitting the investment of virtually all of the Sharing Plan's assets in loans to Amtren Corporation, Lamberth and Amtren Corporation failed to diversify the investments of the plan so as to minimize the risk of large losses, as required by 29 U.S.C. § 1104(a)(1)(C).

6. In causing or permitting virtually all of the Sharing Plan's assets to be loaned back to the sponsoring company, Lamberth and Amtren Corporation caused the plan to engage in a transaction that they knew or should have known constituted a direct or indirect lending of money or other extension of credit between the plan and a party in interest, in violation of 29 U.S.C. § 1106(a)(1)(B).

7. In causing or permitting virtually all of the Sharing Plan's assets to be loaned back to the sponsoring

company, Lamberth and Amtren Corporation caused the plan to engage in a transaction that they knew or should have known constituted a direct or indirect transfer to, or use by or for, the benefit of a party in interest of assets of the plan, in violation of 29 U.S.C. § 1106(a)(1)(D).

8. In causing or permitting virtually all of the Sharing Plan's assets to be loaned back to the sponsoring company, Lamberth and Amtren Corporation dealt with the assets of the plan in their own interest or for their own account, in violation of 29 U.S.C. § 1106(b)(1).

9. In causing or permitting virtually all of the Sharing Plan's assets to be loaned back to the sponsoring company, Lamberth and Amtren Corporation acted with respect to the plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants or

   beneficiaries, in violation of 29 U.S.C. § 1106(b)(2).

10. By failing to make distributions to terminated participants as required by the Sharing Plan documents, Lamberth and Amtren Corporation have failed to discharge their duties with respect to the plan solely in the interests of the plan's participants and beneficiaries and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable plan administration expenses as required by 29 U.S.C. § 1104(a)(1)(A).

11. By failing to make distributions to terminated participants as required by the Sharing Plan documents, Lamberth and Amtren Corporation have failed to discharge their duties in accordance with the documents and instruments governing the plan as required by 29 U.S.C. § 1104(a)(1)(D).

***

For the foregoing reasons, the Labor Secretary's motion for default judgment will be granted. An appropriate judgment will be entered.

DONE, this the 6th day of December, 2011.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**