IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:11cv460-MHT (WO) |
| AMTREN CORPORATION, AMTREN CORPORATION PROFIT SHARING PLAN, and CHARLES KIRK LAMBERTH, | ) ) ) ) ) | |
| Defendants. | ) | |

## JUDGMENT

In accordance with the memorandum opinion entered
this date, it is the ORDER, JUDGMENT, and DECREE of the
court as follows:

(1) The motion for default judgment (doc. no. 10),
filed by plaintiff Hilda L. Solis, Secretary of Labor,
United States Department of Labor, is granted.

(2) Judgment is entered in favor of plaintiff Labor
Secretary and against defendants Amtren Corporation,

Amtren Corporation Profit Sharing Plan, and Charles Kirk Lamberth.

(3) Defendants Lamberth and Amtren Corporation, their agents, servants, employees, and all persons in active concert or participation with them are permanently ENJOINED and RESTRAINED from violating the provisions of Title I of Employee Retirement Insurance Security Act of 1964 (ERISA), 29 U.S.C. § 1001 et seq.

(4) Defendants Lambert and Amtren Corporation are hereby removed as fiduciary to Amtren Corporation Profit Sharing Plan and are permanently ENJOINED and RESTRAINED from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

(5) Any participant interest defendant Lamberth may have in any existing or future assets of defendant Amtren Corporation Profit Sharing Plan shall be applied as an offset against the amounts that plaintiff Secretary of Labor has alleged are due to defendant Amtren Corporation

Profit Sharing Plan, as authorized by ERISA § 206(d)(4).
The Sharing Plan document is deemed amended to permit the
distribution and offset of defendant Lamberth's
participant interest, as provided herein.  A full executed
copy of this opinion and judgment shall be maintained by
the Sharing Plan administrator with all other documents
and instruments governing the plan.

(6) Defendants Lamberth and Amtren Corporation are to
restore $ 114,255.03 to the Sharing Plan, representing the
portion of the prohibited loan which came from the Sharing
Plan accounts of non-fiduciary participants, plus lost
opportunity costs. This judgment is enforceable against
each defendant individually, as each defendant's liability
is joint and several.

(7) Jeanne B. Bryant of Receivership Management, Inc.,
783 Old Hickory Blvd., Suite 255, Brentwood, Tennessee
37027, is appointed as successor fiduciary for the Sharing
Plan and:

3

a. The successor fiduciary shall collect, marshal, and administer all of the Sharing Plan's assets and take such further actions with respect to the Plan as may be appropriate.

b. The successor fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Sharing Plan documents or the applicable law, with respect to the successor fiduciary's duties.

c. The successor fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

d. The successor fiduciary shall be entitled to receive reasonable fees and expenses for her services, payable from the assets of the Sharing Plan. Defendants shall be jointly and severally liable for reimbursing the Sharing Plan for the entire successor fiduciary's reasonable fees and expenses with respect to services performed for the Sharing Plan.

4

e. Defendants Lamberth and Amtren Corporation shall deliver or otherwise make available to the successor fiduciary any information, documents, files or other compilations, wherever and however stored, that are reasonably necessary to perform the duties of the successor fiduciary.

f. The successor fiduciary is authorized to give instructions respecting the disposition of assets of the Sharing Plan.

g. The successor fiduciary, in the performance of her duties, may retain such assistance as she may require, including attorneys, accountants, actuaries, and other service providers.

h. The payment of administrative expenses and all fees to the successor fiduciary, her assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Sharing Plan.

5

i. The successor fiduciary or her agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured, or vested prior to the appointment of the successor fiduciary.

j. The successor fiduciary is to comply with all applicable rules and laws.

(8) Each party shall bear its own attorney fees and expenses in connection with this action, and the defendants waive any rights pursuant to the Equal Access to Justice.

(9) The court maintains jurisdiction over this matter only for the purposes of enforcing this final judgment and accompanying opinion.

(10) Nothing in this judgment is binding on any government agency other than the United States Department of Labor.

6

It is further ORDERED that costs are taxed to the defendants Lambert and Amtren Corporation, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 6th day of December, 2011.


        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE